```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION

AMBERULA LEVITT,                   :
                                   :
     Plaintiff,                    :
                                   :      CIVIL ACTION
v.                                 :
                                   :      NO. 1:11-CV-2561-TWT
THOMAS F. JONES,                   :
ARNETT W. MUMFORD, III,            :
                                   :
     Defendants.                   :
```

### ORDER, FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This action is presently before the Court on Plaintiff's request to proceed in forma pauperis. [Doc. 1]. After consideration by the Court of Plaintiff's affidavit of indigency, her request to proceed in forma pauperis is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a); however, service **SHALL NOT ISSUE** at this time.

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court may dismiss a pro se in forma pauperis complaint if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In this case, it appears that Plaintiff's complaint is frivolous and fails to state a claim upon which relief may be granted.

AO 72A
(Rev.8/82)

Plaintiff's complaint, which alleges claims for breach of contract and fraud against two attorneys arising in connection with certain note collection efforts made by them on behalf of a client, fails to allege any specific basis for federal jurisdiction. There is no allegation of diversity of citizenship under 28 U.S.C. § 1332. See [Doc. 1-1 at 1-2]. As for federal question jurisdiction under 28 U.S.C. § 1331, there is no clear statement of the basis for any such jurisdiction. See [Doc. 1-1].

Accordingly, because none of Plaintiff's allegations sets forth any cognizable claim under any federal law that is "plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007), and no basis for diversity jurisdiction appears, the undersigned **RECOMMENDS** that this action be **DISMISSED**.

**SO ORDERED, REPORTED AND RECOMMENDED**, this 30th day of August, 2011.

    s/ *E. Clayton Scofield*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)